UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN KISTING, on behalf of himself and all others similarly situated,
and in the interests of the general public,
215 Emerald Drive
Mt. Pleasant, WI 53406

        Plaintiff,

v.

Case No.

GREGG APPLIANCE, INC. d/b/a hhgregg
4151 E 96th Street
Indianapolis, IN 46240

Registered Agent:
CORPORATION SERVICE COMPANY
8040 Excelsior Drive
Suite 400
Madison, WI 53717

        Defendant.

---

## CLASS ACTION COMPLAINT

---

Plaintiff, JOHN KISTING, on behalf of himself and all others similarly situated, and in the interests of the general public, by his counsel, Rose & deJong, S.C. and Hudock Law Group, S.C., and against Defendant Gregg Appliance, Inc.. d/b/a hhgregg, alleges and shows to the Court as follows:

### PARTIES

1. Plaintiff, JOHN KISTING ("Kisting"), is an adult resident of the State of Wisconsin and resides in the Eastern District of Wisconsin with a residential address of 215 Emerald Drive, Mt. Pleasant, Racine County, Wisconsin 53406. Plaintiff Kisting purchased a Samsung 4k television from Defendant hhgregg in Racine, Wisconsin.

2. Defendant, Gregg Appliance, Inc. d/b/a hhgregg ("hhgregg"), is a foreign corporation, which maintains a principal place of business at 4151 E 96th Street, Indianapolis, Indiana, which at all times material, conducted substantial business in the State of Wisconsin, Eastern District of Wisconsin, and in the City and County of Racine, Wisconsin, and has a registered agent in the State of Wisconsin who is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin.

## JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C.A. § 1332(d) because the amount in controversy exceeds $5,000,000, exclusive of costs and interest, and minimal diversity exists because Kisting and putative Class Members are citizens of a State different from that of the Defendant. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in this Court pursuant to 28 U.S.C.A. § 1391 because: a substantial part of the events or omissions giving rise to these claims occurred in this district; Kisting and some of the putative Class Members reside in this District; Defendant has stores in this district; and Defendant advertised, marketed, and sold the items that are the basis of this action in this district.

## REPRESENTATIVE ACTION

5. Kisting brings this action for himself and as a representative plaintiff acting in the interests of the general public. Kisting seeks relief pursuant to breach of express warranty, breach of the implied warranty of merchantability, the Magnuson-Moss Warranty Act (15 U.S.C §§ 2301, et seq.), unjust enrichment, breach of contract, and false advertising and theft in violation of laws of the Wisconsin, pursuant to Wisconsin Statutes §§100.18, 895.446 and

2

943.20(5). Kisting brings this class action under the laws of Wisconsin for various forms of relief for injuries sustained as a result of Defendant's false advertising relating to the sale of Samsung 4K televisions ("Subject Televisions") to consumers in the State of Wisconsin.

6. Kisting sues on behalf of himself, in the interests of the general public, and on behalf of all persons who purchased Subject Televisions at any of the five (5) hh gregg stores located in the State of Wisconsin ("Class Members") and operated by Defendant.

## FACTUAL BACKGROUND

### Technological Background

7. Generally, televisions regenerate, or refresh, the picture multiple times each second. This is done to keep up with the images that are broadcast and to reduce or eliminate motion blur when fast moving scenes appear on screen. It is somewhat analogous to the shutter speed of a camera – the faster the shutter speed, the better a camera is able to capture a moving object as a still frame and without motion blur. In much the same way, the more often a television can refresh the picture, the better and more clearly a television is able to display moving objects on screen.

8. The refresh rate of a television is a specification that is measured in Hertz (Hz). The Hz of a television corresponds exactly to the number of times a particular television can refresh the picture: a 60Hz television has a refresh rate of 60, a 120Hz television has a refresh rate of 120, and a 240Hz television has a refresh rate of 240. The Hz measurement of a television equals the refresh rate, and the refresh rate of a television equals the Hz. Generally, the higher the refresh rate of a particular television model, the better the television is able to display motion on screen resulting in a better picture.

9. The refresh rate is an industry standard, measurable feature and specification of

3

all televisions, regardless of model or manufacturer.

## Statement of Facts

10. On December 9, 2015, Kisting visited one of the five (5) hh gregg stores in Wisconsin operated by Defendant.

11. In front of each Subject Television, in-store advertisements listed information regarding the features and capabilities of each particular model. Kisting viewed these advertisements.

12. The primary feature of the in-store advertisements of Subject Televisions are three to four large, red circles conspicuously centered below each Subject Television. In one of the red circles, in large and bold print, the purported refresh rate of each particular model is advertised. (See representative example of in-store advertisement attached hereto as Exhibit A.)

13. Based partly on the refresh rate listed on the in-store advertisement, Kisting selected and purchased a Subject Television.

14. Kisting purchased a Subject Television without knowledge that the actual refresh rate specification was only one-half of the refresh rate advertised to the public in-store by Defendant.

15. None of the advertisements viewed or representations received by Kisting contained any disclosure of the accurate refresh rate of the television.

16. Kisting purchased the Subject Television on the reasonable, but mistaken, belief that the refresh rate advertised by Defendant was, in fact, the refresh rate of the Subject Television. Had Defendant advertised the accurate refresh rate of the Subject Television, Kisting would have had the opportunity to consider other televisions; pay much less for a television with a lower refresh rate; or seek to purchase a television through a different retailer.

4

17. Defendant has advertised for sale and sold Subject Televisions in the United States.

18. By advertising Subject Televisions with grossly inflated and inaccurate refresh rates, Defendant falsely and deceptively marketed and advertised these televisions to thousands of consumers in Wisconsin.

19. At all five (5) of Defendant's Wisconsin locations, Subject Televisions are being misrepresented as having twice their actual refresh rate. For example, Subject Televisions with a refresh rate specification of 60 are being advertised as having refresh rates of 120, and Subject Televisions with a refresh rate specification of 120 are being advertised as having refresh rates of 240.

20. The result of this misrepresentation is that Kisting, and the putative Class Members, purchased, based on Defendant's in-store advertisement, Subject Televisions with a refresh rate of only one-half of what they believed was its actual capability.

21. Defendant's false advertisement has resulted in Kisting, and the putative Class Members, suffering out-of-pocket loss and future replacement damages.

22. Due to the false statement and/or fraudulent misrepresentation of Defendant, Kisting, and putative Class Members, did not receive Subject Televisions with the bargained for refresh rate that was advertised.

23. As a result of Defendant's unfair, deceptive, and/or fraudulent business practice of advertising Subject Televisions with higher refresh rates than the actual specification of the television, Kisting and putative Class Members who purchased Subject Televisions from Defendant's Wisconsin locations have suffered losses in money and/or property and will continue to do so.

5

## Class Action Allegations

24. Kisting brings this action as a class action pursuant to Federal Rules of Civil Procedure 23 and seeks certification of the claims and issues on behalf of a Class defined as follows:

All persons or entities in Wisconsin who purchased the following Samsung TV models from a Wisconsin hhgregg store:

| | | | |
|---|---|---|---|
| UN88JS9500 | UN78JS9500 | UN65JS9500 | UN78JS9100 |
| UN65JS9000 | UN55JS9000 | UN48JS9000 | UN78JS8600 |
| UN55JS8500 | UN65JS8500 | UN48JS8500 | UN60JS7000 |
| UN55JS7000 | UN50JS7000 | UN65JU7500 | UN78JU7500 |
| UN55JU7500 | UN50JU7500 | UN48JU7500 | UN40JU7500 |
| UN85JU7100 | UN75JU7100 | UN65JU7100 | UN60JU7100 |
| UN55JU7100 | UN50JU7100 | UN40JU7100 | UN60JU7090 |
| UN55JU6700 | UN65JU6700 | UN48JU6700 | UN40JU6700 |
| UN65JU6500 | UN75JU6500 | UN60JU6500 | UN55JU6500 |
| UN50JU6500 | UN48JU6500 | UN40JU6500 | UN65JU6400 |
| UN60JU6400 | UN55JU6400 | UN48JU6400 | UN43JU6400 |
| UN40JU6400 | UN50JU6401 | UN60JU6390 | UN65JS8500 |
| UN55JS8500 | UN55JS7000 | UN60JS7000 | UN65JU7500 |
| UN78JU7500 | UN60JU7100 | UN65JU670D | UN55JU670D |
| UN75JU650D | UN65JU650D | UN60JU650D | UN55JU650D |
| UN50JU650D | UN48JU650D | UN40JU650D | UN65JU640D |
| UN55JU640D | UN48JU640D | UN43JU640D | UN40JU640D |

6

UN55HU6840        UN105S9

### A. Numerosity and Ascertainability

25. Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough to make joinder impracticable. Class Members are readily identifiable from information and records in Defendant's possession, custody, and control.

### B. Typicality

26. Kisting's claims are typical of the claims of the Class in that Kisting, like all putative Class Members, purchased a Subject Television from Defendant's store in Wisconsin, which was misrepresented as having a higher refresh rate than the actual specification of the Subject Television. Kisting, like all putative Class Members, has been damaged by Defendant's misconduct. Furthermore, the factual bases of Defendant's misconduct are common to all putative Class Members and represent a common thread of misconduct resulting in injury to all members of the Class.

### C. Adequacy

27. Kisting will fairly and adequately represent and protect the interests of the Class. Kisting has retained counsel with substantial litigation experience, specifically litigation involving misrepresentation claims in Wisconsin.

28. Kisting and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Kisting, nor their counsel, have interests adverse to those of the Class.

### D. Commonality

29. There are numerous questions of law and fact common to Kisting and putative

7

Class Members which predominate any questions affecting individual class members, the answers to which will advance resolution of the litigation as to all putative Class Members. Common questions include whether:

(a)     Defendant's in-store advertisements in large, red circles advertised the actual refresh rate specification of Subject Televisions;

(b)     Defendant's in-store advertisements relating to Subject Televisions were untrue, deceptive or misleading;

(c)     Defendant's in-store advertisements constitute breach of contract as it relates to Kisting, and all Class members;

(d)     Defendant's advertisements violated Wis. Stat. § 100.18;

(e)     Defendant knowingly made untrue representations concerning Subject Televisions with the intent to deceive or to defraud Kisting, and all putative Class Members, in violation of Wis. Stat. §895.446;

(f)     Kisting and other putative Class Members overpaid for Subject Televisions;

(g)     Kisting, and putative Class Members, sustained a monetary loss as a result of Defendant's untrue, deceptive or misleading statements and representations;

(h)     Subject Televisions were unfit for the ordinary purposes for which they were used, in violation of the implied warranty of merchantability;

(i)     Kisting and members of the Class are entitled to damages;

(j)     Defendant should pay attorneys' fees;

(k)     Defendant should pay treble damages pursuant to Wis. Stat. § 895.446;

(l)     Defendant should be ordered to restore to Kisting and the Class all of the monies which may have been acquired by means of Defendant's untrue, deceptive or misleading

8

advertising practices; and

(m) *Cy-pres* distribution on behalf of the Class is appropriate.

30. Defendant has acted in a uniform manner with respect to Kisting and putative Class Members: each Subject Television's refresh rate specification was far lower than the refresh rate advertised in Defendant's store where sold; Defendant misrepresented each Subject Television in the ways described herein; and Kisting and putative Class Members are and will be damaged in similar ways.

31. As the claims arise from Defendant's same course of conduct, Kisting's claims are typical of the claims of the members of the Class and any subclass, and the relief sought within the Class and any subclass is common to the members of each.

32. The Class is manageable because, upon information and belief, the Defendant keeps records of all sales of Subject Televisions. Identifying Class Members and resolving common liability questions will therefore be manageable.

33. Kisting will fairly and adequately represent and protect the interest of the Class.

34. Kisting and his counsel will fairly and adequately represent the Class.

35. There are no individual questions of liability.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, and substantial benefits will derive from proceeding as a class action. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class Members who could not afford to individually litigate such claims against a large, corporate defendant. There are no difficulties

likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient group-wide adjudication of this controversy.

## FIRST CLAIM FOR RELIEF

## BREACH OF EXPRESS WARRANTY

37. Plaintiff, and all putative Class Members, reallege and incorporate by reference paragraphs 1 through 36 as if set forth fully herein.

38. By advertising refresh rates of Subject Televisions, Defendant expressly warranted to purchasers of Subject Televisions that the televisions had the refresh rate specification as advertised.

39. In regards to the purchase of Subject Televisions, such statements became the basis of the bargain for Kisting and putative Class Members because such statements are among the facts a reasonable consumer would consider to be material in the purchase of a television.

40. Subject Televisions did not have the refresh rates that Defendant advertised, and accordingly, Subject Televisions were of lower quality than advertised by Defendant

41. As a result of the foregoing breaches of express warranty, Kisting, and putative Class Members, have been damaged in that they purchased a television that was less valuable than advertised and less valuable than what they paid for it.

## SECOND CLAIM FOR RELIEF

## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

42. Kisting, and all putative Class Members, reallege and incorporate by reference paragraphs 1 through 41 as if set forth fully herein.

43. Wis. Stat. § 402.314 and Section 2-314 of the Uniform Commercial Code provides that there is an implied warranty of merchantability with respect to goods purchased.

44. Among the warranty included within the implied warranty of merchantability is that the goods would pass without objection in the trade under the contract description.

45. For the reasons set forth above, the Subject Televisions would not pass without objection in the trade because the Subject Televisions do not have the refresh rate as advertised.

46. As a result of the foregoing breaches of warranty, Kisting, and all putative Class Members, have been damaged in that they purchased the Subject Televisions with lower than advertised refresh rates, and would not have purchased the Subject Televisions at the price they paid; and/or would have purchased less expensive alternative televisions with a correctly advertised refresh rate.

## THIRD CLAIM FOR RELIEF

## MAGNUSON-MOSS ACT (15 U.S.C. §§ 2301, et seq.)- IMPLIED WARRANTY

47. Kisting, and all putative Class Members, reallege and incorporate by reference paragraphs 1 through 46 as if set forth fully herein.

48. The Subject Televisions are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C.§ 2301(1).

49. Kisting, and all putative Class Members, are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3). They are consumers because they are persons entitled under applicable state law to enforce against the warrantor the obligations of its express or implied warranties.

50. Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 (4)(5).

11

51. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

52. Defendant provided Kisting, and all putative Class Members, with an implied warranty of merchantability in connection with the purchase of the Subject Televisions. This implied warranty of merchantability is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C.§ 2301(7). As part of the implied warranty of merchantability, Defendant warranted the Subject Televisions would pass without objection in the trade marketed and advertised, and were adequately labeled.

53. Defendant breached these implied warranties, as described in more detail above, and are therefore liable to Kisting, and the putative Class Members, pursuant to 15 U.S.C. §2310(d)(1).

54. Any efforts to limit the implied warranties in any manner that would exclude or limit coverage of the Subject Televisions would be unconscionable, and any effort to disclaim, liability for the Subject Televisions is null and void.

56. Pursuant to 15 U.S.C.§2310(e), Kisting is entitled to bring this class action and is not required to provide Defendant with notice and opportunity to cure until such time as the Court determines the representative capacity of Kisting pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57. The amount in controversy of Kisting's individual claim meets or exceeds the sum of $25. The amount in controversy of this action exceeds $50,000.00, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit. Kisting, and the putative Class Members, seek all damages permitted by law in an amount to be proven at trial In addition, pursuant to 15 U.S.C. §2310(d)(2), Kisting, and the putative Class Members, are

entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Kisting, and the putative Class Members, in connection with the commencement and prosecution of this action.

58. Kisting and the putative Class Members are also entitled to equitable relief under 15 U.S.C. §2310(d)(1).

## FOURTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

59. Kisting, and all putative Class Members, reallege and incorporate by reference paragraphs 1 through 58 as if set forth fully herein.

60. Defendant's misrepresentations alleged herein caused Kisting and the putative Class Members and subclass members to purchase the Subject Televisions. Absent those misrepresentations, Kisting, and the putative Class Members, would not have purchased the Subject Televisions from Defendant; would not have purchased the Subject Televisions at the price they paid; and/or would have purchased less expensive alternative televisions with a correctly advertised refresh rate. As such, Kisting, and putative Class Members, overpaid for the Subject Televisions and did not receive the benefit of the bargain.

61. Each and every sale or lease of a Subject Television constitutes a contract between Defendant and the purchaser. Defendant breached these contracts by misrepresenting the refresh rate of Subject Televisions, and thereafter, selling televisions with lower than advertised refresh rates to Kisting and putative Class Members.

62. As a direct and proximate result of Defendant's breach of contract, Kisting, and putative Class Members, suffered damages in an amount to be determined at trial, which include,

but are not limited to, all compensatory damages, incidental and consequential damages, punitive damages, and other damages allowed by law.

## FIFTH CLAIM FOR RELIEF

## UNJUST ENRICHMENT

63. Kisting, and all putative Class Members, reallege and incorporate by reference paragraphs 1 through 62 as if set forth fully herein.

64. Defendant has been unjustly enriched because it sold televisions that had a lower refresh rate than advertised, therefore Kisting, and all putative Class Members, received a lower quality television that what they paid.

65. Defendant obtained money from Kisting, and all putative Class Members, through the sale of Subject Televisions as described above, and it would be inequitable for Defendant to retain the money Kisting and putative Class Members paid for Subject Televisions.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF §100.18 WIS. STATS.

66. Kisting, and all putative Class Members, reallege and incorporate by reference paragraphs 1 through 65 as if set forth fully herein.

67. Defendant is a "person, firm, corporation or association" within the meaning of Wis. Stat. § 100.18(1).

68. Kisting and the putative Class Members are members of "the public" as defined by Wis. Stat. § 100.18(1). Kisting and the Class purchased one or more Subject Televisions.

69. Wis. Stat. § 100.18(1) prohibits a "representation or statement of fact which is untrue, deceptive, or misleading."

70. As set forth herein, Defendant's in-store advertisements grossly inflating the

14

refresh rate of Subject Televisions, and likewise overstating the quality of the Subject Televisions, were untrue, deceptive or misleading.

71. These representations were made with the intent to induce Wisconsin consumers to purchase the Subject Televisions from Defendant.

72. Defendant's unfair and/or deceptive acts were likely to, and did in fact, deceive reasonable consumers, including Kisting and putative Class Members, regarding the true refresh rate specification of Subject Televisions, and correspondingly, the true value of Subject Televisions.

73. Defendant knew or should have known that its conduct violated Wis. Stat. § 100.18(1).

74. Kisting, and all putative Class Members, sustained a monetary loss as a result of Defendant's untrue, deceptive or misleading statements and representations and are entitled to damages and other relief provided for under Wis. Stat. § 100.18(11)(b)(2), including, but not limited to, court costs and attorney's fees.

## SEVENTH CLAIM FOR RELIEF

## THEFT: VIOLATION OF §§ 943.20 (1) (b) and 895.446, WIS. STATS.

75. Kisting, and all putative Class Members, reallege and incorporate by reference paragraphs 1 through 74 as if set forth fully herein.

76. Knowing the representations to be untrue and making the representations with the intent to deceive or to defraud, Defendant made false representations of fact to Kisting and all putative Class Members relating to the refresh rate specification of Subject Televisions, and likewise, the quality and value of Subject Televisions.

77. Kisting, and all putative Class Members, were in fact deceived and defrauded by these representations, as they believed them to be true and justifiably relied on them, and, as a result, purchased a Subject Television. As a direct result of their misrepresentations, Defendant obtained money from Kisting and all putative Class Members through the sale of Subject Televisions, resulting in pecuniary loss to Kisting and the putative Class Members.

78. The misrepresentations made by Defendant are in violation of Wis. Stats. §§ 895.446 and 943.20 (1)(d), entitling the Plaintiff, and all Class members, to treble damages, attorney fees, and all costs.

**WHEREFORE**, the Plaintiff, and all Class Members, respectfully request as follows:

1) An order certifying this case as a class action under Federal Rule of Civil Procedure 23(b)(3) and appointing Plaintiff and his counsel to represent the Class members;

2) Restitution of all amounts obtained by Defendant as a result of its misconduct, together with interest thereon from the date of payment, to the Plaintiff and all Class members;

3) Compensatory and actual damages for injuries suffered by Plaintiff and all Class members including the value of the property or property rights that they were wrongfully deprived of;

4) All statutory remedies available as provided under Wis. Stat. §§ 100.18, 895.446, and 943.20.

5) Attorneys' fees and costs;

6) An order requiring Defendant to immediately cease its wrongful conduct as set forth above; enjoining Defendant from continuing to falsely market and advertise, conceal material information and conduct business via the unlawful and unfair business acts and practices complained of herein; ordering Defendant to engage in a corrective notice campaign;

and requiring Defendant to refund to Plaintiff and all members of the Class all monies received as a result of Defendant's wrongful conduct; and

7) For such other relief as this Court may deem just and proper.

**Plaintiff and the Class demand trial by jury.**

Dated this 9th day of February, 2016.

**ROSE & DEJONG, S.C.**

**Attorneys for the Plaintiff**

/s/ Douglas W. Rose
Douglas W. Rose
WI Bar No. 1017205
Jennifer Geller Baumann
WI Bar No. 1034916
Lora L. LoCoco
WI Bar No. 1084491
161 S. First Street
Suite 400
Milwaukee, WI 53204
(414) 274-1400

**HUDOCK LAW GROUP, S.C.**

**Attorneys for the Plaintiff**

/s/ Luke Hudock
Luke Hudock
WI Bar No. 1086264
Hudock Law Group, S.C.
P.O. Box 83
Muskego, WI 53150

17