UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JOHN KISTING, on behalf of himself and all others similarly situated,**

    Plaintiff,

    v.                                            Case No. 16-CV-141

**GREGG APPLIANCES, INC. d/b/a hhgregg,**

    Defendant.

---

### DECISION AND ORDER ON DEFENDANT'S
### PARTIAL MOTION TO DISMISS COMPLAINT

---

    John Kisting filed a class action complaint alleging breach of express warranty; breach of the implied warranty of merchantability; breach of contract; unjust enrichment; and violations of the Magnuson-Moss Act (15 U.S.C. §§ 2301, *et seq.*), Wisconsin's Deceptive Trade Practices Act ("DTPA") (Wis. Stat. § 100.18), and Wis. Stat. §§ 895.446 and 943.20(1)(d) against Gregg Appliances, Inc. d/b/a hhgregg arising out of injuries sustained as a result of Gregg's alleged false advertising relating to the sale of Samsung 4K televisions to consumers in the State of Wisconsin. Gregg has moved to limit Kisting's putative class to those who purchased the same model of television; to dismiss Kisting's claims pursuant to Wis. Stat. §§ 100.18, 895.446, and 943.20(1)(d); and to dismiss Kisting's claim for equitable relief, pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P 12(b)(6). Kisting opposes the motion. The motion has been fully briefed and is ready for disposition. For the reasons that follow, the defendant's motion is granted in part and denied in part.

## BACKGROUND

In his complaint, Kisting alleges that on December 9, 2015, he visited one of the five hhgregg stores in Wisconsin operated by Gregg. (Compl. ¶ 10, Docket # 1.) Kisting alleges that in front of each of the Samsung 4K televisions at issue (the "Subject Televisions"), in-store advertisements listed information regarding the features and capabilities of each particular television model. (*Id.* ¶ 11.) Kisting viewed these advertisements. (*Id.*) The primary feature of the in-store advertisements of Subject Televisions are three to four large, red circles conspicuously centered below each Subject Television. In one of the red circles, in large and bold print, the purported refresh rate of each particular model is advertised. (*Id.* ¶ 12.)

Kisting explains that generally, televisions regenerate, or refresh, the picture multiple times each second and that this is done to keep up with the images that are broadcast and to reduce or eliminate motion blur when fast moving scenes appear on screen. (*Id.* ¶ 7.) Kisting states that the more often a television can refresh the picture, the better and more clearly a television is able to display moving objects on screen. (*Id.*) Kisting states that the refresh rate of a television is a specification that is measured in Hertz ("Hz") and the Hz of a television corresponds exactly to the number of times a particular television can refresh the picture, i.e., a 60Hz television has a refresh rate of 60, a 120Hz television has a refresh rate of 120, and a 240Hz television has a refresh rate of 240. (*Id.* ¶ 8.) The Hz measurement of a television equals the refresh rate, and the refresh rate of a television equals the Hz. (*Id.*) The complaint alleges that generally, the higher the refresh rate of a particular television model, the better the television is able to display motion on screen resulting in a better picture. (*Id.*)

Kisting alleges that partly based on the refresh rate listed on the in-store advertisement, he selected and purchased a Subject Television. (*Id.* ¶ 13.) He alleges that he purchased the television without knowledge that the actual refresh rate specification was only one-half of the refresh rate advertised to the public in-store by Gregg. (*Id.* ¶ 14.) Kisting alleges that none of the advertisements he viewed or representations he received contained any disclosure of the accurate refresh rate of the television. (*Id.* ¶ 15.)

Kisting further alleges that he purchased the Subject Television on the reasonable, but mistaken, belief that the refresh rate advertised by Gregg was, in fact, the refresh rate of the Subject Television. Kisting alleges that had Gregg advertised the accurate refresh rate of the Subject Television, Kisting would have had the opportunity to consider other televisions; pay much less for a television with a lower refresh rate; or seek to purchase a television through a different retailer. (*Id.* ¶ 16.) Kisting alleges that at all five of Gregg's Wisconsin locations, Subject Televisions are being misrepresented as having twice their actual refresh rate. (*Id.* ¶ 19.) As a result of Gregg's actions, Kisting alleges that he and the putative class members have suffered damages. (*Id.* ¶¶ 21-23.)

## STANDARD OF REVIEW

Gregg moves for partial dismissal of Kisting's complaint pursuant to Fed. R. Civ. P. 12(b)(1) (subject matter jurisdiction) and Fed. R. Civ. P. 12(b)(6) (failure to state a claim). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may look beyond the allegations of the complaint and view other submitted evidence. *See Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003). Jurisdiction is the "power to decide" and must be conferred upon a federal court. *See In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are

questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *See Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir.1987).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

If a party asserts fraud, the claim must be pleaded with particularity. Fed. R. Civ. P. 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) requires a plaintiff to plead "the who, what, when, where, and how" of the allegedly fraudulent act. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Gregg argues that Kisting lacks standing to represent individuals who purchased different products and viewed different advertisements than he did and thus the putative class should be limited to those who purchased the same model of television as Kisting. Gregg further argues that Kisting's fraud-based claims pursuant to Wis. Stat. §§ 100.18, 895.446, and 943.20(1)(d) must be dismissed because he failed to plead them with particularity. Finally, Gregg argues that Wisconsin law forbids equitable claims based on a contract; thus, Kisting's claim for unjust enrichment must be dismissed. I will address each in turn.

    1.    *Limiting Putative Class to Those Who Purchased the Same Model of Television as Kisting*

In his complaint, Kisting states that he brings this action as a class action pursuant to Fed. R. Civ. P. 23 and seeks class certification on behalf of purchasers of 70 different models of Samsung televisions purchased from five Wisconsin hhgregg stores. (Compl. ¶ 24.) Gregg moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss those putative class members who purchased different televisions and viewed different advertisements than Kisting on the ground that Kisting lacks standing to represent them. To satisfy Article III standing, a

5

plaintiff must allege that he or she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). In this case, Gregg argues that Kisting was not injured by advertising related to television models he did not purchase; therefore, has no standing to raise claims based on those models. Kisting argues that the focus of inquiry is on whether he individually has standing and whether the products and actionable conduct specific to each product are sufficiently similar.

The law on whether an individual has standing to represent putative class members for products he or she did not purchase is unsettled across the country and each party cites to the cases supporting their respective positions. Generally, courts fall into three categories in analyzing this issue. The first category are the courts holding that an individual does not have standing to brings claims for products he did not purchase, often times relying on *Lewis v. Casey*, 518 U.S. 343 (1996) in support. *See Ferrari v. Best Buy Co.*, Civil No. 14-2956, 2015 WL 2242128 (D. Minn. May 12, 2015); *Chin v. Gen. Mills, Inc.*, Civil No. 12-2150, 2013 WL 2420455 (D. Minn. June 3, 2013); *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 WL 7761986 (N.D. Ill. Nov. 9, 2012); *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 WL 2397012 (N.D. Ill. June 21, 2012); *Hemy v. Perdue Farms, Inc.*, Civil Action No. 11-888, 2011 WL 6002463 (D.N.J. Nov. 30, 2011); *Lieberson v. Johnson & Johnson Consumer Co.*, 865 F. Supp. 2d 529 (D.N.J. 2011).

*Lewis* involved a class action of prisoners incarcerated by the Arizona Department of Corrections who alleged that the prisons were furnishing them with inadequate legal research facilities and thereby depriving them of their right of access to the courts, in violation of *Bounds v. Smith*, 430 U.S. 817 (1977). The district court found the prisons

6
Case 2:16-cv-00141-NJ   Filed 10/07/16   Page 6 of 14   Document 23

violated *Bounds* and issued an injunction mandating detailed, system wide changes in the prison law libraries and in its legal assistance programs. The Ninth Circuit affirmed. In reviewing the grant of an injunction, the Court considered the requirement that the prisoners show an actual injury under *Bounds*. In analyzing this issue, the Court stated that one's remedy is limited to the inadequacy that produced the injury in fact and that this was "no less true with respect to class actions than with respect to other suits." 518 U.S. at 357. The Court continued:

> That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.

*Id.* (internal quotations and citations omitted). The courts that have relied on *Lewis* cite the above language in support of their holdings that an individual does not have standing to brings claims for products he did not purchase.

In the second category of cases, courts have found that an individual does have standing to brings claims for products he did not purchase if the products are substantially similar. *See Mednick v. Precor, Inc.*, Case No. 14 C 3624, 2014 WL 6474915 (N.D. Ill. Nov. 13, 2014); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533 (S.D.N.Y 2013); *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881 (N.D. Cal. 2012).

Finally, in the third category of cases, courts have found that the issue is not one of standing but of class certification and is better addressed at the Rule 23 class certification stage. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283 (S.D.N.Y. 2015); *In re L'Oreal Wrinkle Cream Marketing and Sales Practices Litigation*, Civ. No. 12-03571, 2013 WL 6450701 (D.N.J. Dec. 9, 2013); *Astiana v. Dreyer's Grand Ice Cream*, Nos. C-11-2910, C-11-3164, 2012

WL 2990766 (N.D. Cal. July 20, 2012); *Bruno v. Quten Research Institute, LLC*, 280 F.R.D. 524 (C.D. Cal. 2011).

The parties do not cite, and I have not found, any Seventh Circuit cases addressing the issue. However, after reviewing the cases and considering all three approaches, I agree with the courts that hold that an individual does not have standing to bring claims for products he did not purchase. I find that these cases comport with existing Supreme Court precedent on standing for an individual, which, as the Court stated in *Lewis*, does not change in the context of a class action suit. Further, I find the Seventh Circuit's decision in *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002) instructive. In *Payton*, the plaintiffs raised a challenge to the facial constitutionality of an Illinois state law that permitted counties to impose a bail fee above and beyond the set bail amount. *Id*. at 675. The named plaintiffs had individual claims against only two of the nineteen defendant counties. *Id.* The Seventh Circuit allowed the named plaintiffs to sue all nineteen defendants, reasoning that "[t]he constitutionality of a bond fee (whether it is $1 or $45) should not differ from one county to the next, when such fee is imposed pursuant to the same statute." *Id.* at 680.

Notably, the Seventh Circuit stated that:

> This is not a case where the named plaintiff is trying to piggy-back on the injuries of the unnamed class members. That, of course, would be impermissible, in light of the fact that "a named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action." *Allee v. Medrano*, 416 U.S. 802, 828–29, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974) (Burger, C.J., dissenting).

*Id.* at 682. In this case, Kisting's claims relate to seventy different models of Samsung televisions, sixty-nine of which Kisting did not purchase. Kisting's alleged injury stems from

the advertising that he saw and relied upon and the model of television that he purchased. Kisting would not individually have standing to pursue claims based on injuries sustained from television models he did not purchase and the fact this is a class action suit does not change the standing analysis. In other words, Kisting cannot establish an injury-in-fact with regard to the other television models. Accordingly, Kisting may proceed only as to the television model he purchased.

    2.    *Failure to Plead Fraud Claims with Particularity*

Gregg argues that Count Six (violation of Wis. Stat. § 100.18 – the Wisconsin Deceptive Trade Practices Act) and Count Seven (violation of Wis. Stat. §§ 895.446, 943.20(1)(d)) of Kisting's complaint should be dismissed for failing to plead the claims with particularity. Kisting responds that a claim under Wis. Stat. § 100.18 is not a fraud claim; thus, the requirements of Rule 9(b) do not apply. Kisting further argues that his claims under Wis. Stat. §§ 895.446 and 943.20(1)(d) are pleaded with particularity.

A claim under Wis. Stat. § 100.18 has three elements: (1) the defendant made a representation to the public with intent to induce an obligation; (2) the representation was untrue, deceptive or misleading; (3) the representation caused the plaintiff a pecuniary loss. *Miller v. Vonage Am., Inc.*, No. 14-CV-379, 2015 WL 59361, at *5 (E.D. Wis. Jan. 5, 2015) (citing *K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc.*, 2007 WI 70, ¶ 19, 301 Wis. 2d 109, 732 N.W.2d 792). Kisting cites *K&S* and *Kailin v. Armstrong*, 252 Wis. 2d 676, 643 N.W.2d 132 (Ct. App. 2002) in support of his argument that a Wis. Stat. § 100.18 claim does not sound in fraud and thus need not be pleaded with particularity. Neither of these cases, however, addressed the pleading standard for a Wis. Stat. § 100.18 claim. Kisting ignores contrary authority in which the court found Wis. Stat. § 100.18 claims should be

pleaded with particularity. *See Byrd v. Landowski*, 2010 WI App 120, ¶ 7, 329 Wis. 2d 271, 789 N.W.2d 755 (unpublished) (applying particularity standard of Wis. Stat. § 802.03(2) to claim under DTPA); *see also Am. Orthodontics Corp. v. Epicor Software Corp.*, 746 F. Supp. 2d 996, 999 (E.D. Wis. 2010) (applying Rule 9(b) to DTPA claim); *Miller v. Vonage Am., Inc.*, No. 14-CV-379, 2015 WL 59361, at *5 (E.D. Wis. Jan. 5, 2015) ("Because a claim under the DTPA sounds in fraud, it must be pleaded with particularity."). Thus, I find that Kisting's Wis. Stat. § 100.18 claim is subject to the heightened pleading standard of Rule 9(b).

Under the heightened pleading standard of Rule 9(b), the pleading ordinarily requires describing the "who, what, when, where, and how of the fraud." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (internal quotation and citation omitted). Gregg argues that Kisting has failed to satisfy this standard because he did not state whether he actually purchased a television on December 9, 2015, does not specify which model of television he purchased, and does not articulate which advertisement he saw and considered in making his purchase. (Def.'s Br. in Supp. at 8-9, Docket # 15.) Kisting argues that his complaint clearly identifies the defendant as the "who," the doubling of the refresh rate as the "what," the five retail stores Gregg operated and the in-store advertisements as the "where," December 9, 2015 as the "when," and the advertisements themselves as the "how." (Pl.'s Resp. Br. at 13, Docket # 16.)

A plaintiff who provides a "general outline of the fraud scheme" sufficient to "reasonably notify the defendants of their purported role" in the fraud, satisfies Rule 9(b). *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992). I find that the allegations in Kisting's complaint provide a general outline of the fraud and reasonably

notify Gregg of its purported role in the fraud. Kisting's complaint alleges that he visited the hh gregg store in Racine on December 9, 2015. (Compl. ¶¶ 1, 10.) The complaint alleges that Kisting viewed an advertisement in front of the subject television and that the advertisement contained the purported refresh rate. (*Id.* ¶¶ 11-12.) Kisting alleges that he purchased a Samsung 4K television based partly on the refresh rate listed on the advertisement and without knowledge that the actual refresh rate was only one-half of the rate advertised to the public. (*Id.* ¶¶ 1, 13-14.) The complaint alleges that Gregg's in-store advertisement grossly inflated the refresh rate of the subject television with the intent to induce Wisconsin consumer to purchase the televisions. (*Id.* ¶¶ 70-71.) These facts sufficiently state the "who, what, where, when, and how" of the alleged fraud. Thus, Kisting's Wis. Stat. § 100.18 claim is pleaded with particularity and will not be dismissed.

To state a claim under Wis. Stat. §§ 895.446, 943.20(1)(d), which prohibits a type of fraud which is addressed by both criminal and civil tort law, the court looks to civil tort law as an aid to interpret the criminal fraud statutes. *See State v. Ploeckelman*, 2007 WI App 31, ¶ 17, 299 Wis. 2d 251, 262, 729 N.W.2d 784, 789. The elements of a fraud claim under Wisconsin law are: (1) the defendant made a representation of fact; (2) the representation was untrue; (3) the defendant made the representation either knowing that it was untrue, or recklessly not caring whether it was true or false; (4) the defendant made the representation with the intent to deceive the plaintiff in order to induce the plaintiff to act on it to plaintiff's pecuniary damage; and (5) the plaintiff believed that the representation was true and relied on it. *Malzewski v. Rapkin*, 2006 WI App 183, ¶ 17, 296 Wis. 2d 98, 111, 723 N.W.2d 156, 162. For the same reasons that I found Kisting's Wis. Stat. § 100.18 claim properly pleaded with particularity, I similarly find that Kisting's Wis. Stat. §§ 895.446, 943.20(1)(d) claim

provides a general outline of the fraud and reasonably notifies Gregg of its purported role in the fraud. For these reasons, I will not dismiss Counts Six and Seven of Kisting's complaint at this stage.

### 3. *Kisting's Claim for Equitable Relief*

Finally, Gregg argues that Kisting's fifth claim for relief, unjust enrichment, must be dismissed because Wisconsin law forbids equitable claims based on contract. (Def.'s Br. in Supp. at 9.) Gregg further argues that the unjust enrichment claim is not merely a case of pleading in the alternative because Count Five expressly incorporates the complaint's allegations establishing the existence of a contract and because the claim itself is premised on the parties' contractual relationship. (*Id.*)

In Wisconsin, an action for unjust enrichment, or quasi contract, is based upon proof of three elements: (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation or knowledge by the defendant of the benefit, and (3) acceptance or retention of the benefit by the defendant under circumstances making it inequitable for the defendant to retain the benefit. *Watts v. Watts*, 137 Wis. 2d 506, 531, 405 N.W.2d 303, 313 (1987). "In Wisconsin the quasi-contractual theories of quantum meruit and unjust enrichment are legal causes of action grounded in equitable principles and can be invoked only in the absence of an *enforceable* contract." *Carroll v. Stryker Corp.*, 658 F.3d 675, 682 (7th Cir. 2011) (emphasis added). A purchase transaction, for example, forms a contract between the buyer and the seller. *Meyer v. The Laser Vision Inst.*, 2006 WI App 70, ¶ 25, 290 Wis.2d 764, 779, 714 N.W.2d 223, 230 (holding that the parties' purchase transactions formed a "valid and enforceable [contract], thereby barring [the plaintiff's] equitable claims"). However, where there is not an underlying, enforceable contract between the parties, an unjust enrichment

claim may lie. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014) ("A contract induced by fraud is voidable at the option of the party whose assent was fraudulently induced.").

Kisting has alleged that each and every sale or lease of a subject television constitutes a contract between Gregg and the purchaser and that Gregg breached the contract by misrepresenting the refresh rate of the televisions. (Compl. ¶ 61.) Kisting alleges that Gregg's misrepresentations caused him to purchase the subject television and absent the misrepresentation, he would not have purchased the television. (*Id.* ¶ 60.) Because Kisting's underlying purchase transaction may be voidable, I will not dismiss his unjust enrichment claim at this juncture. *See Le v. Kohls Dep't Stores, Inc.*, No. 15-CV-1171, 2016 WL 498083, at *15 (E.D. Wis. Feb. 8, 2016) (declining to dismiss unjust enrichment claim where contract was potentially voidable due to misrepresentation under the Wisconsin DTPA).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Gregg's partial motion to dismiss (Docket # 14) is **GRANTED IN PART AND DENIED IN PART**. Gregg's motion is **GRANTED** to the extent that Kisting's putative class is limited to those who purchased the same television model he did. However, Gregg's motion to dismiss Kisting's claims pursuant to Wis. Stat. §§ 100.18, 895.446, and 943.20(1)(d) and to dismiss Kisting's claim for equitable relief is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of court will contact the parties regarding scheduling a Rule 16 Scheduling Conference.

Dated at Milwaukee, Wisconsin this 7th day of October, 2016.

                                                                         BY THE COURT

                                                                         *s/Nancy Joseph*_____
                                                                         NANCY JOSEPH
                                                                         United States Magistrate Judge