# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN KISTING, on behalf of himself and all
others similarly situated,

    Plaintiff,

v.                                              Case No. 16-CV-141

GREGG APPLIANCES, INC. d/b/a hhgregg,

    Defendant.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND DECISION TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL

    John Kisting filed a class action complaint alleging breach of express warranty; breach of the implied warranty of merchantability; breach of contract; unjust enrichment; and violations of the Magnuson-Moss Act (15 U.S.C. §§ 2301, et seq.), Wisconsin's Deceptive Trade Practices Act ("DTPA") (Wis. Stat. § 100.18), and Wis. Stat. §§ 895.446 and 943.20(1)(d) against Gregg Appliances, Inc. d/b/a hhgregg arising out of injuries sustained as a result of Gregg's alleged false advertising relating to the sale of Samsung 4K televisions to consumers in the State of Wisconsin. Gregg moved pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss those putative class members who purchased different televisions and viewed different advertisements than Kisting on the ground that Kisting lacks standing to represent them. I previously granted Gregg's motion and limited Kisting's putative class to those who purchased the same television model he did. (Docket # 23.)

    Kisting now asks that I amend the order to include a certification that it satisfies the criteria set forth in 28 U.S.C. § 1292(b) for an interlocutory appeal to the Seventh Circuit.

(Docket # 30.) Gregg opposes the motion. (Docket # 34.) For the reasons stated below, Kisting's motion is denied.

## ANALYSIS

As an initial matter, although Kisting notes that Fed. R. Civ. P. 23(f) does not control his motion, he urges me to utilize this standard and all but ignores the criteria set forth in § 1292(b). As Kisting acknowledges, Rule 23(f) addresses appeals from an order granting or denying class action certification. While Kisting argues that my decision on standing has the same result as denying class certification, the decision did not, in fact, deny class certification. Thus, I am obliged to address Kisting's motion using the criteria outlined in § 1292(b).

Section 1292(b) provides that a district court may certify for immediate appeal interlocutory orders entered in civil cases that present "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). Additionally, the petition must be filed in the district court within a reasonable time after the order sought to be appealed. *Id.* "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." *Id.* at 676 (emphasis in original). I will address each criteria in turn.

*Timeliness*

Although the parties do not address the timeliness issue, I find that Kisting's motion, filed less than one month after my order on the motion to dismiss, is timely. *See Boim v. Quaranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1008 (7th Cir. 2002) (finding that motions for certificates of appealability filed on February 14, 2001 were filed within a reasonable amount of time after the court's January 10, 2001 decision).

*Statutory Criteria*

1. Question of Law

The phrase "question of law" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. "Question of law" is referred to "in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Id.* at 676-77. Put simply, the court of appeals stated that the idea behind § 1292(b) is "that if a case turn[s] on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id.* at 677. The Seventh Circuit has instructed that a "question of law" under § 1292(b) means an "abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.*

The question presented in Gregg's motion to dismiss was whether an individual has standing to represent putative class members for products he or she did not purchase. Kisting does not attempt to demonstrate that this question constitutes a pure question of law as contemplated by *Ahrenholz*. Although I noted that this issue is unsettled across the country and that courts generally fell into three categories in analyzing the issue, I disagree

3

that this presents a pure question of law. After reviewing the cases and considering all three approaches, I held that an individual does not have standing to bring claims for products he did not purchase. However, in so holding, it was necessary to review Kisting's complaint to scrutinize the type of product he allegedly purchased and the advertisements he allegedly viewed. Because of this, I do not find that the court of appeals could "quickly and cleanly" decide the issue without delving into the record. *See id*. As such, Kisting has not shown that the issue presents a question of law as contemplated by § 1292(b).

2. Controlling

Because all four statutory elements must be satisfied to grant a § 1292(b) petition, my analysis could end here with Kisting's failure to meet the first statutory element. However, for the sake of completeness, I will address the other three elements. The second element is whether the question at issue is controlling. A question of law may be deemed "controlling" if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). "This axiom, however, must not be read without context, for certainly any number of interlocutory orders may, in any given case, be 'quite likely to affect the further course of the litigation.'" *Kostal v. Life Ins. Co. of N. Am.*, No. 09-CV-31, 2011 WL 5374432, *1 (E.D. Wis. Nov. 7, 2011). Further, a question of law is not "controlling" merely because it is determinative of the case at hand; rather, a question is controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases. *Fed. Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (E.D. Wis. 1985).

Kisting does not specifically address whether the issue is controlling. However, cases where the question of law has been found to be "controlling" are generally those where an

4

appellate decision could substantially limit the damages a plaintiff may recover, *see Kostal*, 2011 WL 5374432 at *1, or dispose of a claim completely, *see Glazer v. Brookhouse*, No. 05 C 130, 2006 WL 1663724, *2 (E.D. Wis. June 8, 2006). While Kisting argues that he cannot maintain a class given my holding limiting the putative class to those who purchased the same television model he did, this issue has not yet been litigated and my ruling does not dispose of any of his claims. For these reasons, I find that Kisting has not met his burden as to the second statutory element.

3. Contestable

The third statutory requirement is that the question of law must be contestable, which means that "there is substantial ground for difference of opinion." § 1292(b). The fact that there is no Seventh Circuit precedent on the issue, however, does not establish substantial ground for difference of opinion. *Anderson v. Foster*, No. 13-CV-256, 2013 WL 4523228, *3 (E.D. Wis. Aug. 27, 2013). The issue is whether "'other courts have adopted conflicting positions regarding the issue of law proposed for certification.'" *Id.* (quoting *In re Bridgestone/Firestone, Inc. Tires Products Liab. Litig.*, 212 F. Supp. 2d 903, 909-10 (S.D. Ind. 2002)).

It is true that there is no Seventh Circuit law on this issue and as I noted, courts generally fall into three categories in analyzing the standing issue. Given the fact that other courts have adopted conflicting positions regarding the standing issue, I find that Kisting has met the third statutory element.

4. Materially Advance Litigation

The fourth statutory requirement is that the question of law materially advances the ultimate termination of the litigation. An appeal materially advances the ultimate

5

termination of the litigation if its resolution "promise[s] to *speed up* the litigation" *Ahrenholz*, 219 F.3d at 675 (emphasis in original) even if it does not end the litigation in the district court, *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012).

Kisting argues that an appeal on this issue would materially advance the ultimate termination of the litigation because without appellate examination, the case will need to proceed through discovery, class certification, and full adjudication with regard to one model of television; however, if this court's decision is overturned on appeal, the litigation will need to start over with additional discovery and another round of class certification. Again, Kisting focuses on the issue of class certification and this issue has not yet been litigated. Additionally, it is not clear that an interlocutory appeal at this stage would speed up the litigation. Thus, Kisting has failed to meet the fourth statutory element.

## CONCLUSION

Interlocutory appeals are generally disfavored. *See Kostal*, 2011 WL 5374432 at *1. Although I find that the question presented in the proposed interlocutory appeal is contestable, it does not present a pure question of law, is not controlling, and will not materially advance the litigation. As such, the proposed interlocutory appeal does not fulfill all of the requisite criteria under § 1292(b). For the reasons stated above, I decline to amend the October 7, 2016 order to allow for an interlocutory appeal.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to amend order to provide for an interlocutory appeal (Docket # 30) is **DENIED**.

Dated at Milwaukee, Wisconsin this 4th day of January, 2017.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge